IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **SHEILA GILYARD-WALKER**, individually and on behalf of all similarly situated Missouri citizens, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Removed from the Circuit Court of Jackson County, Missouri, Case No. 2316-CV05727 |
| vs. | ) ) ) | Case No. |
| **GENERAL PARTS INC. d/b/a ADVANCE AUTOPARTS**, | ) ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, Defendant Advance Stores Company, Inc.[1] ("Defendant"), files this Notice of Removal to the United States District Court for the Western District of Missouri, Western Division. The Civil Cover Sheet associated with this Notice is attached hereto as Exhibit A. Removal is proper based on the following grounds:

**I.      Facts**

1. On February 16, 2023, Plaintiff initiated a civil action captioned *Sheila Gilyard-Walker v. General Parts Inc. d/b/a Advance AutoParts*, Case No. 2316-CV05727, in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2. The Class Action Petition ("Petition") filed in the State Court Action alleges unlawful pay inequality, unlawful sex and/or race discrimination, and Plaintiff's individual claim of constructive discharge in violation of the Missouri Human Rights Act against Defendant. True

---

[1] At all relevant times, Plaintiff was an employee of Advance Stores Company, Inc.

and correct copies of all the process, pleadings, and orders in the State Court Action that have been filed to date are attached hereto as <u>Exhibit B</u>.

3. Defendant has been served with a copy of the Summons and Petition.

4. This Notice of Removal is being filed within thirty (30) days of the receipt of any pleadings setting forth the claim for relief upon which the action is based and is, therefore, timely under 28 U.S.C. § 1446.

5. Defendant has not filed an Answer or other pleading in the State Court Action.

## II. **This Court has Diversity Jurisdiction.**

6. Plaintiff alleges that she is a resident of Kansas City in the State of Missouri. Petition ¶ 15. Therefore, Defendants believe in good faith that Plaintiff is a citizen of the State of Missouri for purposes of diversity jurisdiction.

7. Defendant is currently headquartered in the state of North Carolina. *See* <u>Exhibit C</u>, Defendant's 2022 Annual Registration Report filed with the Missouri Secretary of State.

8. It is readily evident that a fact finder could legally conclude that the damages Plaintiff seeks on her individual sex and/or race discrimination, and constructive discharge claims in violation of the Missouri Human Rights Act exceed the jurisdictional requisite of $75,000 based on (1) the extensive allegations and prayers for damages under Plaintiff's MHRA claims and (2) the availability under the MHRA of significant damages, including compensatory and punitive damages, as well as attorneys' fees on these claims.

9. The United States Supreme Court and the Eighth Circuit have long instructed that whether the amount in controversy is satisfied is determined based on the damages that plaintiff seeks in her petition, to which she might be entitled under the controlling law for the claims pled. In other words, if a plaintiff has articulated a legal basis for a potential award of damages which

might satisfy the jurisdictional amount, then federal jurisdiction exists. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 89, 58 S.Ct. 586, 590 (1938); *Kopp v. Kopp*, 280 F.3d 883, 884-885 (8th Cir. 2002).

10. Plaintiff alleges numerous types of damages available for alleged violation of the MHRA, which could exceed $75,000. Most notably, Plaintiff seeks recovery on her individual MHRA claim for actual damages and attorney's fees, and for such other and further relief as the Court deems just and proper under the circumstances. (*See* Petition at WHEREFORE clause of Count II). The MHRA specifically allows for recovery of punitive damages and attorneys' fees. R.S. Mo. § 213.111.2.

11. In calculating the amount in controversy, a party seeking removal of a civil action to federal court may include, among other potential recoveries, a plaintiff's claims for punitive damages, statutory attorneys' fees, and for emotional distress. *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001); *see also Embry v. Everest College*, 2016 WL 468012 (W. D. Mo. September 6, 2016) (stating that "damages for emotional distress, punitive damages, or attorneys' fees. . . may be considered when assessing whether the amount in controversy has been met"); *Feller v. Hartford Life & Acc. Ins. Co.*, 817 F. Supp. 2d 1097, 1107 (S.D. Iowa 2010) (finding it "rational to include the future legal expenses in calculating the amount in controversy").

12. Plaintiff's claim for attorneys' fees under the MHRA <u>alone</u> creates the distinct probability of a recovery in excess of $75,000 if plaintiff prevails, given that such recoveries under the MHRA often substantially exceed five figures, even when the alleged discrimination itself results in nominal or small monetary damages. *See DeWalt v. Davidson Surface Air*, 449 S.W.3d 401 (Mo. App. 2014) (trial court erred by reducing claim for attorneys' fees of $133,198.50 under

3

the MHRA based on a jury compensatory damage award of $7,500.00). There can be no doubt that if this multi-claim action proceeds to a jury some months from now, Plaintiff's potential fee claim alone likely would exceed $75,000.

13.     In addition, so long as there is complete diversity between Defendant and Plaintiff and one of Plaintiff's claims exceed the amount in controversy requirement of $75,000 the case is removable under 28 U.S.C. § 1332(a). *See Exxon Mobil Corp v. Allapattah Services*., Inc., 545 U.S. 546, 558–59 (2005) (holding that, where Section 1332(a) is met between defendant(s) and a named plaintiff, the class's claims are heard under supplemental jurisdiction pursuant to 28 U.S.C. § 1367).

14.     Accordingly, this action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (2), and which may be removed to this Court pursuant to 28 U.S.C. § 1441 and likewise has supplemental jurisdiction over the class claims asserted by Plaintiff pursuant to 28 U.S.C. § 1367.

### III.     Venue is appropriate in this Court.

15.     Removal to this court is proper pursuant to 28 U.S.C. § 1441(a) because this Court is the federal district court embracing the Circuit Court of Jackson County, Missouri, where the State Court Action was filed. Removal to the Western Division of this Court is proper pursuant to Local Rule 3.2.

16.     Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including but not limited to improper service of process, lack of personal or subject matter jurisdiction, Plaintiff's failure to state any claims upon which relief may be granted, or Plaintiff's failure to exhaust administrative remedies.

17. A copy of this *Notice of Removal* and exhibits hereto has been served upon Plaintiff, and, together with a Notice of Filing of Removal, will be filed with the Clerk of the Circuit Court of Jackson County, Missouri.

WHEREFORE, Defendant prays that further proceedings in the Circuit Court of Jackson County, Missouri, be discontinued and that said Case Number: 2316-CV05727 now pending in the Circuit Court of Jackson County, Missouri, be removed to the United States District Court for the Western District of Missouri, Western Division, and that such Court assume full jurisdiction of such action as provided by law.

Dated: April 7, 2023

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Kyle B. Russell*
Kyle B. Russell, MO Bar #52660
Joshua J. Cervantes, MO Bar #69033
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Kyle.Russell@jacksonlewis.com
Joshua.Cervantes@jacksonlewis.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of April, 2023, a true copy of the foregoing Notice of Removal was filed with the Clerk of the Court using the CM/ECF system, with a copy sent via electronic mail, to the following counsel of record for Plaintiff:

Martin M. Meyers
EmmaLee A. Wilson
THE MEYERS LAW FIRM, LC
503 One Main Plaza
4435 Main Street
Kansas City, MO 64111
mmeyers@meyerslaw.com
ewilson@meyerslaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Kyle B. Russell*
**AN ATTORNEY FOR DEFENDANT**

4885-9474-2106, v. 1